## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHANDA HERBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>     vs.<br><br>WILLOW GROVE URBAN AIR, LLC; and DOES 1-10, inclusive,<br><br>Defendant(s). | Civil Action No. 2:26-cv-833<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff LASHANDA HERBERT ("Plaintiff"), on behalf of herself and all others similarly situated, allege the following against Defendant WILLOW GROVE URBAN AIR, LLC ("Defendant") upon information and belief based upon personal knowledge:

### INTRODUCTION

(1)     Plaintiff's Class Action Complaint is brought pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201, *et seq.* ("UTPCPL").

(2)     Plaintiff, individually, and on behalf of all others similarly situated, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant misrepresenting that admissions tickets purchased on its website entitled the buyer to all day access to its facilities, and failing to honor warranties to the same.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(d), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which the members of the class are citizens of a State different from the Defendant.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, and Defendant does business, inter alia, in the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Montgomery County, Pennsylvania

4.      On information and belief, Defendant is a Delaware corporation whose principal place of business is located in Willow Grove, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

5.      Defendant owns and operates an indoor trampoline park doing business under the Urban Air Adventure Park brand.

6.      Defendant advertises on its website that certain admission tickets, such as the "Ultimate Ticket," entitle the purchaser to "Fly all day," at the trampoline park.  The all-day play condition is limited only when the park reaches a capacity that requires limiting patron's play time within the park.[1]

7.      Defendant, however, has a policy and practice of limiting all patrons to two hours of playtime, regardless of what ticket they purchased, in direct contradiction of its

---

[1] *See* https://store.unleashedbrands.com/urban-air/willow-grove-pa/purchase/ticket.

affirmative representations on its website. Defendant's policy is not based on capacity restrictions at its park, and instead is applied uniformly regardless of how many people are presently using the trampoline park.

8.      On November 23, 2024, Plaintiff purchased an Ultimate Package for her son's birthday party which included at least 10 Ultimate Tickets, from Defendant's website party. The total cost of the tickets Plaintiff purchased was over $700.00. Plaintiff purchased these tickets from Defendant's website.

9.      On November 23, 2024, before Plaintiff purchased her tickets to Defendant's facilities, she saw multiple advertisements on Defendant's website indicating that the tickets she was purchasing entitled her and her son's guests to all-day play at Defendant's facilities. Below are screenshots of the specific advertisements Plaintiff saw:







10.     Plaintiff relied on the representations in these advertisements in deciding to purchase tickets from Defendant.

11.     On November 24, 2024, Plaintiff went to Defendant's trampoline park with her son for his birthday party.  After approximately 2 hours, Defendant's employees began instructing Plaintiff's guests that they needed to leave the trampoline park because they had exceeded their allotted 2 hours of play.  Plaintiff alleges, upon information and belief, that Defendant's trampoline park was not at capacity such that any capacity restrictions applied.

12.    Persons, like Plaintiff herein, have an interest in purchasing admissions tickets that do not contain false and misleading claims with regard to the duration in which they are permitted to use the facilities.

13.    By making false and misleading claims about the duration for which she and her guests would be permitted to use its indoor trampoline facilities, Defendant impaired Plaintiff's ability to choose the type and quality of products she chose to buy.

14.    Therefore, Plaintiff has been deprived of her legally-protected interest to obtain true and accurate information about Defendant's products as required by Pennsylvania law.

15.    As a result Plaintiff has been misled into purchasing products she would not have otherwise purchased.

16.    Plaintiff purchased admissions tickets from Defendants because Defendant's website claims that the tickets she purchased entitled her and her guests to use Defendant's trampoline facilities for the entire day.

17.    Plaintiff was unaware that Defendant maintained a blanket policy that patrons would be limited to two hours in Defendant's trampoline park when she purchased her admission tickets.

18.    Plaintiff and the Class were deceived into paying money for products they did not want because Defendant falsely claimed that such admissions tickets entitled them to All Day Play.

19.    Defendant, and not Plaintiff, the Class, knew or should have known that its express advertising of certain admissions tickets as entitling the purchase to All Day Play was false, deceptive, and misleading, and that Plaintiff, and the Class members would not know

that Defendant maintained a blanket policy of limiting patrons to two hours in its trampoline park unless it affirmatively told them so.

20.    A reasonable consumer, such as Plaintiff, would believe that "All Day Play" means exactly what it says; that a purchaser of such ticket would be entitled to use the trampoline park facilities for the entire time that they are open on a given day.

21.    As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.    Lost money;
    b.    Wasting Plaintiff's time; and
    c.    Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## **CLASS ALLEGATIONS**

22.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

    All persons within Pennsylvania who purchased one or more admission tickets to Defendant's trampoline park that were marketed as providing "All Day Play," within six years prior to the filing of the instant Complaint

23.    Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24.    The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed

and believes and thereon alleges that the Class include thousands of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

25.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

26.    There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

    a.    Whether the Defendant intentionally, negligently, or recklessly disseminated false and misleading information by including the statement "All Day Play" on its website;

    b.    Whether the Class members were informed of Defendant's blanket policy of limiting patrons to two hours in its trampoline park facilities;

    c.    Whether Defendant's conduct was unfair and deceptive;

    d.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    e.    Whether the Class is entitled to restitution, actual damages, punitive damages, and attorney fees and costs.

27.    As a resident of the United States and the State of Pennsylvania who purchased tickets entitling her and here guests to All Day Play, Plaintiff is asserting claims that are typical of the Class.

28.     Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

29.     Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

30.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31.     The prosecution of separate actions by individual members of the Class and would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

32.     Plaintiff's claims and injuries are identical to the claims and injuries of all class and sub-class members, because all claims and injuries of all class are based on the same false

representations and failure to honor the terms of tickets entitling patrons to all day use of Defendant's facilities. All allegations arise from the identical, false, affirmative written statements made by Defendants when they claimed admissions tickets entitled purchasers to All Day Play when in fact Defendant maintained a blanket policy of limiting all patrons to no more than two hours of access to its trampoline park facilities.

33.    Defendant has acted or refused to act in respect generally applicable to the Class thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

34.    The size and definition of the Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

## COUNT I:
## VIOLATION OF UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### (On Behalf of Plaintiff and the Class)

35.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 32 above as if fully reiterated herein.

36.    Defendant's actions as detailed above constitute a violation of the UTPCPL, to the extent that Defendants violated the following provisions of the UTPCPL:

   a.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have (73 P.S. § 201-2(4)(v));

   b.  Advertising goods or services with intent not to sell them as advertised (73 P.S. § 201-2(4)(ix));

   c.  Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of good or services is made (73 P.S. § 201-2(4)(xiv));

d. Engaging in fraudulent or deceptive conduct creating a likelihood of confusion of misunderstanding (73 P.S. § 201-2(4)(xxi)).

37.     Plaintiff purchased the admissions tickets from Defendant for personally, family, and/or household purposes.  Plaintiff lost money from that purchase because the tickets she ultimately received from Defendant were worth far less than she paid for them due to Defendant's blanket policy of limiting patrons to two hours in its trampoline park facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, LASHANDA HERBERT, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, WILLOW GROVE URBAN AIR, LLC, for the following:

(1)     That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representatives of The Class;

(2)     Treble damages not less than one hundred dollars per person pursuant to 73 P.S. § 201-9.2(a);

(3)     Costs and reasonable attorneys' fees pursuant to the 73 P.S. § 201-9.2(a);

(4)     For prejudgment interest at the legal rate; and

(5)     Any other relief this Honorable Court deems appropriate.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 9th day of February, 2026.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:      /s/ Matthew R. Snyder
         Matthew R. Snyder (SBN 335111)
         msnyder@toddflaw.com
         Todd M. Friedman (SBN 310961)
         tfriedman@toddflaw.com
         23586 Calabasas Rd., Suite 105
         Calabasas, CA 91302
         Tel: 323-306-4234

         *Attorneys for Plaintiff, Lashanda Herbert*